IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM STEED KELLEY #457296 | § | |
| v. | § | CIVIL ACTION NO. 6:11cv134 |
| JOHN RUPERT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff William Steed Kelley, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Kelley complained generally of the conditions of confinement in the Separate Segregation area of the Coffield Unit. After review of the pleadings, the Magistrate Judge observed that Kelley had an extensive history of filing frivolous lawsuits as a result is subject to the three-strikes bar of 28 U.S.C. §1915(g), which prevents him from filing *in forma pauperis* absent a showing of imminent danger of serious physical injury. The Magistrate Judge determined that Kelley had failed to make such a showing of imminent danger, and so his lawsuit could be dismissed on this basis.

Furthermore, the Magistrate Judge noted that Kelley has also accumulated additional sanctions, citing two cases from the Northern District of Texas in which Kelley was sanctioned a total of $320.00 and barred from filing any further lawsuits until these sanctions were satisfied. Because the Eastern District of Texas honors sanctions imposed by other courts, and Kelley has not shown that these sanctions were satisfied, the Magistrate Judge stated that Kelley's lawsuit cold be dismissed on this basis as well.

The Magistrate Judge's Report was entered on March 29, 2011, and was received by Kelley on April 1. Since that time, Kelley has filed a request for a copy of his litigation history, a motion for leave to file additional pages of exhibits, a motion for leave to supplement his complaint, a "notice of due process flow chart," a notice of offer of settlement, a motion for leave to file a motion for a preliminary injunction in excess of 20 pages, a motion for extension of time in which to file objections to the Magistrate Judge's Report, a motion for leave to file sealed documents, a motion for leave to file witness declarations in excess of the 20 page limit, a supplemental motion for a preliminary injunction, a notice of witness declaration in support of his motion for a subpoena duces tecum and his amended complaint, and a motion for leave to file his supplemental motion for a preliminary injunction in excess of 20 pages.

Although Kelley's motion for extension of time to file objections to the Magistrate Judge's Report was granted to May 9, to date Kelley has filed no objections. Accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). A review of Kelley's motions filed since the entry of the Report shows none that could even be construed as objections, as none specifically address the proposed findings or conclusions of the Magistrate Judge.

The Court has carefully reviewed the pleadings in this cause as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 9) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is DENIED. It is further

ORDERED that leave to court to file this lawsuit is DENIED, and the above-styled civil action be and hereby is DISMISSED with prejudice as to the filing of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. The refiling of this lawsuit also requires that Kelley show proof that all sanctions imposed upon him, by the Fifth Circuit or any federal district court in the State of Texas, have been satisfied, and that Kelley obtain leave of court to file the case. Should Kelley meet all of these requirements within 15 days after the date of entry of dismissal, he shall be allowed to proceed in the case as though all conditions had been met from the outset. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall transmit a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 19th day of May, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**