IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM STEED KELLEY | § | |
| v. | § | CIVIL ACTION NO. 6:11cv134 |
| JOHN RUPERT, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT</u>

The Plaintiff William Steed Kelley, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Kelley complained of his confinement in the "super segregation" section of the Coffield Unit. After review of the pleadings, the Magistrate Judge issued a Report on March 29, 2011, recommending that the lawsuit be dismissed because Kelley failed to show that he was in imminent danger of serious physical injury, as required for him to proceed *in forma pauperis* under 28 U.S.C. §1915(g), and that he failed to show proof that he had satisfied sanctions imposed upon him by the Northern District of Texas, which barred him from filing further lawsuits until he did so. When objections from Kelley were not received in a timely manner, his lawsuit was dismissed on May 19, 2011.

The next day, an amended complaint from Kelley was received and filed. He followed this with a motion to hold the proceedings in partial abeyance, a motion for appointment of counsel, objections to the Report, a motion for a preliminary injunction, two letters, and another motion for injunctive relief.

1

Although none of these pleadings are properly filed in closed cases, the Magistrate Judge reviewed Kelley's objections to the Magistrate Judge's Report, in conjunction with his other pleadings, as a motion to alter or amend the judgment. *See* United States v. Gallardo, 915 F.2d 149, 150 n.2 (5th Cir. 1990) (construing objections to magistrate judge's report received after the case was dismissed as a motion to alter or amend the judgment).

After review of Kelley's pleadings, the Magistrate Judge issued a Report on June 6, 2011, recommending that the objections, construed as a motion to alter or amend the judgment, be denied. The Magistrate Judge concluded that Kelley's references to potential psychological harm failed to show that he is in "imminent danger of serious physical injury," as required to trigger the exception to 28 U.S.C. §1915(g).

In addition, the Magistrate Judge said, neither Kelley's pleadings nor his amended complaint make any reference to the fact that he has been barred from filing any new lawsuits until he satisfies the sanctions imposed upon him by the U.S. District Court for the Northern District of Texas. In Kelley v. Texas, 117 Fed.Appx. 915, 2004 WL 2634173 (5th Cir., November 19, 2004), the Fifth Circuit affirmed the Southern District's dismissal of a lawsuit from Kelley, which dismissal was based in part on Kelley's failure to comply with the Northern District's sanction orders. The Southern District also imposed additional sanctions of $300.00 as well as barring Kelley from filing any new lawsuits without permission. The Magistrate Judge noted that in the Southern District case, Kelley argued, as he does in the present lawsuit, that he is shuffled from cell to cell every few days and that placement in segregation has caused various physical and psychological problems. The Southern District determined that these claims were frivolous and malicious. In any event, the Magistrate Judge stated that Kelley's objections showed no basis for setting aside the final judgment and recommended that these objections, construed as a motion to alter or amend the judgment, be denied.

Kelley filed objections to this Report on July 25, 2011. Since the Report was entered on June 6, Kelley has also filed a motion for temporary restraining order, a supplemental motion to hold the

case in partial abeyance, another motion for a temporary restraining order, a notice of supplemental evidence, another motion for reconsideration of the final judgment, another notice of supplemental evidence, another motion for a temporary restraining order, a motion to a writ of habeas corpus ad testificandum, a second supplemental notice of evidence, a third supplemental notice of evidence, objections to a previous denial of a temporary restraining order, a fifth motion for injunctive relief, a letter complaining that he is unable to file documents with the Court, another letter regarding his mail, a sixth motion for injunctive relief, a notice withdrawing consent to trial before the Magistrate Judge, and a notice of supplemental evidence in support of his complaint.

In Kelley's second motion for relief from judgment, which was filed after the Report of the Magistrate Judge recommending denial of the first such motion, Kelley says that he tried to file his objections, but these were delayed by prison officials, with the result that they were received by the Court after the case was dismissed. This motion concedes that Kelley has been sanctioned for "prior litigation efforts" and says that he must obtain court permission and allege facts showing that he is in imminent danger of serious physical injury in order to proceed *in forma pauperis* under 28 U.S.C. §1915(g). He states that he has shown such imminent danger in his complaint and particularly in his first amended complaint. However, as the Magistrate Judge's Report demonstrates, Kelley's assertions in his first amended complaint fall well short of the necessary showing of a finding of imminent danger of serious physical injury. Kelley's motion also makes no mention of the requirement that he show proof of satisfaction of the monetary sanctions from the Northern District before he may be allowed to proceed.

In his objections to the Magistrate Judge's Report, Kelley terms this Report a "farce undeserving of any serious rebuttal." He states that the defendants have endangered him by "fingering him as an informant," and so "plotting prisoners" have directed threats at him, promising to kill him should their plots be revealed to the staff. Kelley also pointed to an alleged "security breach" which he claimed placed him in danger, but conceded that he has refused to provide prison officials with information so that they can eliminate this breach.

3

Because he cannot reveal the precise nature of the security breach, he says that the public, the prison staff, and Kelley himself are all in danger. He also asserts that his 21 years in segregated confinement is having a deleterious impact on his physical and mental health.

Kelley asserts that the "imminent danger" provision has been held to be satisfied by allegations that prison staff refused protection to prisoners targeted by gangs, disclosed a prisoner's history as an informant, resulting in threats and assaults, "defamed" a prisoner, resulting in threats from others, or kept a prisoner near known enemies. He says that other cases have held that claims of denial of medical treatment have been held sufficient.

In an attached affidavit, Kelley complains of the treatment of his objections as a Rule 59 motion, and demands that his motion to vacate the judgment, which was filed after the Magistrate Judge's Report, be addressed by the Court.

He then complains about a number of statements made in the Report. First, he complains that the Report said that his objections were not timely filed, saying that under the mailbox rule, they were timely filed on May 8, 2011. Whether or not this is accurate, in light of the Court's order saying that the objections were "due by" May 9, Kelley's objections were presented to and considered by the Court.

Kelley asserts that his claims of physical harm come from being locked in segregation for 21 years, under conditions found unconstitutional in Ruiz v. Johnson, 37 F.Supp.2d 855 (S.D.Tex. 1999), *reversed* 243 F.3d 941 (5th Cir. 2001). Aside from the inherent problems in relying on a case which has been reversed, Kelley's argument states in effect that inmates in segregation for lengthy periods of time are *ipso facto* under imminent danger of serious physical injury and thus need not make any further showing of such danger in order to satisfy the requirements of Section 1915(g). No basis in law exists for such a conclusion. He also raises various other objections to the Magistrate Judge's Report, none of which contain any merit.

In Kelley v. Johnson, 204 F.3d 1116, 1999 WL 1328122 (5th Cir., December 14, 1999), the Fifth Circuit stated as follows:

Kelley alleges that he is being tortured and is currently suffering serious physical and emotional / psychological injuries due to his placement in administrative segregation. However, Kelley has not alleged facts which indicate that he is in imminent danger of serious physical injury. *See* §1915(g). Therefore, §1915(g) applies to bar his appeal IFP, and his motion to appeal IFP is denied. *See* Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). This Court has previously rejected the argument now raised by Kelley that the application of §1915(g) has denied him access to the courts. *See* Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997).

Kelley raises essentially the same contentions in the present case to show that he is in imminent danger of serious physical injury. As the Fifth Circuit said, these contentions are not sufficient to show that he is in imminent danger of serious physical injury. Hence, these claims are insufficient to trigger the exception to 28 U.S.C. §1915(g).

More significantly, however, Kelley simply fails to mention one of the most important factors of all. The Magistrate Judge noted in the original Report as follows:

> In Kelley v. Stice, et al., civil action no. 2:94cv360 (N.D.Tex., December 29, 1995, appeal dismissed), the Northern District of Texas sanctioned Kelley $120.00 and ordered that no further lawsuits be accepted from him until this sanction was satisfied in full. In In re Kelley, cause no. 2:96mc18 (N.D.Tex., January 9, 1997, no appeal taken), Kelley was sanctioned an additional $200.00, and the district court once again ordered that no further lawsuits be accepted from him until these sanctions were satisfied.
>
> This Court, the Eastern District of Texas, honors sanctions imposed by other federal district courts within the State of Texas. General Order No. 94-6 (E.D.Tex., February 2, 1994); Balawajder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998) (district court does not abuse its discretion in honoring sanctions imposed by other district courts). In this case, Kelley fails to show that he has satisfied all of the sanctions which have been imposed upon him, nor any other basis for the granting of leave to file this case, and so his lawsuit may be dismissed on this basis as well.

In Kelley v. State of Texas, et al., civil action no. 4:03cv1374 (S.D.Tex.), Kelley complained, among a large number of other allegations, that he was being shuffled from cell to cell every few days and that the deprivations in administrative segregation were causing him to experience psychological problems including loss of sleep, fatigue, inability to concentrate, short-term memory loss, headaches, loss of impulse control, aches, pains, and irritable bowel syndrome. After discussing the meritless nature of Kelley's claims, the Southern District noted that "this action was filed in violation of a Northern District order that prohibits the filing of new complaints without prior permission of a district or magistrate judge." The court imposed sanctions on Kelley in the amount

5

of $300.00. As noted above, the dismissal of this case was upheld by the Fifth Circuit. Kelley v. Texas, 117 Fed.Appx. 915.

In Kelley v. Stice, et al., civil action no. 2:94cv360 (N.D.Tex.), the Northern District of Texas sanctioned Kelley $120.00 and ordered that no more lawsuits be accepted from him until he satisfied the sanction or unless leave is first obtained to file the new lawsuit. In In re Kelley, civil action no. 2:96mc18 (N.D.Tex.), the Northern District sanctioned Kelley $200.00 and ordered that no new lawsuits from Kelley be filed until he has satisfied "all monetary sanctions outstanding against him." After Kelley has done so, the Northern District said, he still must obtain permission to file any new cases.

At the time that Kelley filed this lawsuit, he had outstanding sanctions, just from these three cases, totaling $620.00. Under the terms of the sanction imposed by the Northern District, he is barred from filing new cases until he shows proof that he has satisfied "all monetary sanctions outstanding." Kelley offers no proof that he has satisfied these sanctions, and indeed does not even allude to the requirement that he do so.

As the Magistrate Judge observed, the Eastern District of Texas honors sanctions imposed by other district courts. General Order No. 94-6 (E.D.Tex., February 2, 1994); Balawajder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998) (district court does not abuse its discretion in honoring sanctions imposed by other district courts). Kelley has not shown proof that he has satisfied all of the sanctions imposed upon him, nor that he is in imminent danger of serious physical injury. Consequently, he has shown no basis for relief from the final judgment in this case,

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's objections and motion for relief from judgment, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all of the pleadings and motions filed by the Plaintiff. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections and other pleadings and motions are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 42) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motions for relief from judgment (docket no.'s 37, as construed, and 47) are hereby DENIED. It is further

ORDERED that all other motions not previously ruled upon are hereby DENIED. Finally, it is

ORDERED that the Clerk shall accept no further filings in this case except for a notice of appeal and an application for leave to proceed *in forma pauperis* which relates to such appeal. Any other filing received in this case shall be returned unfiled or stricken from the docket after filing without further notice or order from the Court.

**So ORDERED and SIGNED this 9th day of August, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**